UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL ACTION NO. |
| ROSS BATISTA, ) | 04-10381-JLT |
| ) | |
| Defendant. ) | |

**JOINT INITIAL STATUS CONFERENCE MEMORANDUM**

The parties submit herewith a Joint Initial Status Conference Memorandum in the above-captioned matter:

1.   The government mistakenly addressed automatic discovery in this case to the defendant's original counsel, Oscar Cruz at the Federal Defender's Office.  It was until the government began preparing this status report that it learned from defendant's retained counsel, Attorney Carl Donaldson, that he had not received any of this discovery from Attorney Cruz.  Therefore, at today's status conference, the government will provide Attorney Donaldson with copies of the discovery it previously provided to Attorney Cruz.  In light of the foregoing, the parties submit that relief should be granted from the otherwise applicable timing requirements imposed by Local Rule 116.3 insofar as the defendant should be given fourteen (14) days from today's date to serve the government with any discovery letter (as envisioned in L.R. 116.3(A)) and the government should be given fourteen (14) days from receipt of any such letter to respond thereto in writing.

2.   The parties agree that the government will provide expert

witness discovery no less than thirty (30) days prior to a firm trial date and that the defendant will provide expert witness discovery no less than twenty-one (21) days prior to a firm trial date.

3. The parties do not anticipate providing additional discovery as a result of their future receipt of information, documents, or reports of examination or tests.

4. The defendant cannot determine at this time whether or not he will have any pre-trial motions. The parties, therefore, request that a November 17, 2006 deadline be established for the filing of any such motions.

5. The twenty-eight-day period of time from the defendant's August 21, 2006 arraignment on the Indictment through September 18, 2006 constitutes excludable delay pursuant to Local Rule 112.2(A)(2). The parties also agree that the period of time from September 18, 2006 until the deadline set by the Court for the filing of pre-trial motions by the defendant also constitutes excludable delay pursuant to 18 U.S.C. § 3161(h)(8)(A) insofar as the ends of justice served by allowing the defendant time to review the discovery provided by the government, to assess its completeness, and to determine if he has any viable pre-trial motions to follow outweigh the best interest of the public and the defendant in a speedy trial.

6. A trial of this matter would take approximately three or

four days.

    7.   The parties request that a Final Status Conference be scheduled for after November 17, 2006.

Respectfully submitted,

ROSS BATISTA                           MICHAEL J. SULLIVAN
By His Attorney                      UNITED STATES ATTORNEY


*s/Carl Donaldson/*             By:    *s/Patrick Hamilton/*
CARL DONALDSON, ESQ.          PATRICK M. HAMILTON
240 Commercial Street - 2nd Flr.     Assistant U.S. Attorney
Boston, MA 02109              One Courthouse Way
(617) 270-9677                Boston, MA 02210
                                  (617) 748-3251

Dated:   October 5, 2006

3